IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**DAVID SANDERS**     **PETITIONER**

v.     **No. 1:23CV105-MPM-RP**

**LYNN FITCH, ET AL.**     **RESPONDENTS**

**ORDER *DENYING* PETITIONER'S MOTIONS [6], [11] FOR A
TEMPORARY RESTRAINING ORDER OR PRELIMINARY INJUNCTION**

This matter comes before the court on the petitioner's motions [6], [11] for a temporary restraining order or, in the alternative, for a preliminary injunction. The petitioner is an inmate currently housed at the Central Mississippi Correctional Facility in Pearl, Mississippi. The petitioner seeks an order from the court that his parole be reinstated and that he be released. For the reasons set forth below, the instant motions [6], [11] will be denied.

**Preliminary Injunctions**

Both temporary restraining orders and preliminary injunctions are governed by Fed. R. Civ. P. 65. Though the same criteria govern the issuance of preliminary injunctions and temporary restraining orders, the purpose and form of relief differ for each. The purpose of a preliminary injunction is to preserve the status quo during the course of litigation until the court can hold a trial on the matter. Steven S. Gensler, 1 Federal Rules of Civil Procedure, Rules and Commentary Rule 65, Practice Commentary; *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395, 101 S.Ct. 1830, 68 L.Ed.2d 175 (1981). When adjudicating a preliminary injunction, the court must provide notice to all parties and give them a chance to be heard. Fed. R. Civ. P. 65(a)(1). Once issued, a preliminary injunction stays in effect until the court grants final relief or otherwise modifies the order. Steven S. Gensler, 1 Federal Rules of Civil Procedure, Rules and Commentary Rule 65, Practice Commentary. Once the court issues final relief, the preliminary injunction dissolves, as the court need not rely on its equitable powers to provide interim relief.

11A, Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 2947 (3d ed.); *U.S. Philips Corp. v. KBC Bank N.V.*, 590 F.3d 1091, 1094 (9th Cir. 2010). A ruling on a preliminary injunction is immediately appealable:

> [T]he courts of appeals shall have jurisdiction over appeals from . . . [i]nterlocutory orders of the district courts of the United States . . . granting, continuing, modifying, refusing, or dissolving injunctions, or refusing to dissolve or modify injunctions . . . .

28 U.S.C.A. § 1292(a)(1).

## Temporary Restraining Orders

Similarly, the purpose of a temporary restraining order is to preserve the status quo and prevent irreparable harm, *but only until the court can hold an adversarial hearing for a preliminary injunction.* Fed. R. Civ. P. 65(b)(3), *Granny Goose Foods, Inc. v. Brotherhood of Teamsters and Auto Truck Drivers Local No. 70 of Alameda County*, 415 U.S. 423, 438-439, 94 S.Ct. 1113 (1974). Thus, a temporary restraining order may be granted *ex parte*, but it only lasts for 14 days (28 days if the court permits, with a showing of good cause). Fed. R. Civ. P. 65(b)(2). *Ex parte* temporary restraining orders are disfavored, and courts seldom grant them. Steven S. Gensler, 1 Federal Rules of Civil Procedure, Rules and Commentary Rule 65, Practice Commentary. Once the court rules on a motion for preliminary injunction, then the temporary restraining order has served its purpose and should be dissolved. *Granny Goose*, 415 U.S. at 443. Neither party may appeal a district court's ruling on a temporary restraining order, as it has an extremely limited duration. *Chicago United Industries, Ltd. V. City of Chicago*, 445 F.3d 940, 943 (7th Cir. 2006). However, once the district court rules on a motion for preliminary injunction regarding the issue, the parties may appeal *that* order. *Northeast Ohio Coalition for Homeless Service Employees Intern. Union, Local 1199 v. Blackwell*, 467 F.3d 999, 1005 (6th Cir. 2006).

**Elements of Temporary Restraining Order or Preliminary Injunctive Relief**

A party must prove four elements to be entitled to preliminary injunctive relief or a temporary restraining order: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not issued; (3) that the threatened injury to the movant outweighs any harm that may result from the injunction to the non-movant; and (4) that the injunction will not disserve the public interest. *DSC Communications Corp. v. DGI Technologies, Inc.*, 81 F.3d 597, 600 (5th Cir. 1996); *Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995), *cert. denied*, 116 S. Ct. 1058, 134 L. Ed. 2d 202 (1996); *Cherokee Pump & Equipment, Inc. v. Aurora Pump*, 38 F.3d 246, 249 (5th Cir. 1994).

Preliminary injunctions and temporary restraining orders are extraordinary remedies, *Cherokee Pump*, 38 F.3d at 249, "not to be granted routinely, but only when the movant, by a clear showing, carries [the] burden of persuasion." *Black Fire Fighters Association v. City of Dallas*, 905 F.2d 63, 65 (5th Cir. 1990) (quoting *Holland American Insurance Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985)). Under Fed. R. Civ. P. 65, the party seeking a preliminary injunction or temporary restraining order must give security in an amount the court deems proper (which can be zero in some circumstances).

**Analysis**

The petitioner is unable to demonstrate a substantial likelihood of success on the merits in light of his argument in the instant motions. He argues that, during his release on parole, he caught Amber Coleman having an affair, and she falsely accused him of criminal activity with the specific intent that the accusations would lead to revocation of his parole. On May 25, 2022, the charges arising out of Ms. Coleman's accusations were dismissed. He alleges that he has proof to show that he never violated the conditions of his release on parole. He alleges that the

Parole Board nonetheless revoked his parole the next day (May 26, 2022) without holding a hearing, finding, by a preponderance of the evidence, that he failed to report regularly, failed to establish a residence, and interacted with law enforcement and failed to immediately notify his probation officer.   In his conversations with the Parole Board, the Board stated that if he was not convicted on the charges, then his parole would be reinstated.   Nonetheless, though the charges were dismissed, his parole has not been reinstated.

The petitioner states that the Parole Board did not hold a hearing before revoking his parole; however, one of the documents he attached to his amended petition [15] was entitled "Parole Revocation Hearing (Action Sheet)."   Doc. 15-2.   The sheet contains a note showing that, as of that date (May 26, 2022), the petitioner had failed to report since his release from the Technical Violation Center on August 12, 2021 – a claim unrelated to the charges made by Amber Coleman (domestic violence, simple assault) and Brandi Williams (willful trespassing).   Doc. 15-2 at 2, 3.   As the petitioner's documentation seems to contradict his claims, he has not demonstrated a substantial likelihood that he will prevail on the merits of his claim, and the instant motions [6], [11] for a temporary restraining order or preliminary injunction are **DENIED**.

**SO ORDERED**, this, the 15th day of November, 2023.

/s/ Michael P. Mills  
UNITED STATES DISTRICT JUDGE  
NORTHERN DISTRICT OF MISSISSIPPI