IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**DAVID SANDERS** **PETITIONER**

**v.** **No. 1:23CV105-MPM-RP**

**LYNN FITCH, ET AL.** **RESPONDENTS**

**ORDER *DENYING* PETITIONER'S MOTION [7] TO ISSUE SUBPOENA;**
***DENYING* MOTION [8] FOR EVIDENTIARY HEARING;**
***DENYIGN* MOTION [9] TO APPOINT COUNSEL**

This matter comes before the court on the motions by the petition to issue a subpoena for MDOC Standard Operating Procedures [7]; to hold an evidentiary hearing [8]; and to appoint counsel [9]. For the reasons set forth below, these motions [7], [8], [9] will be denied.

### Discovery

A federal court's role during *habeas corpus* proceedings is ordinarily limited to a review of the state court's record – unless good cause exists to justify discovery. Good cause exists when a *habeas corpus* petitioner "establishes a *prima facie* case for relief." *Harris v. Nelson*, 394 U.S. 286, 290, 89 S.Ct. 1082, 22 L.Ed.2d 281 (1969), *reh'g denied* May 5, 1969. When "specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is confined illegally and is therefore entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry." *Id*. at 300. The petitioner has not made the requisite showing in the instant case. As such, his request [7] for discovery will be denied.

### Evidentiary Hearing

In a *habeas corpus* proceeding under 28 U.S.C. § 2241, the court may hold an evidentiary hearing "unless the application of the writ and the return present only issues of law." 28 U.S.C. §

2243. In this case, the State has not yet responded, and it appears that, once the record is filed with the court, the facts necessary to decide the case will be available. As such, the petitioner's request [8] for an evidentiary hearing will be denied. However, if it appears that additional facts are necessary to reach a just decision, the court will set an evidentiary hearing *sua sponte*.

### Appointment of Counsel

The petitioner has also moved [9] for the appointment of counsel. He is proceeding *pro se* and has been granted leave to proceed *in forma pauperis* based on the pauper's affidavit submitted with his petition. This court may appoint counsel for a *habeas corpus* petitioner whenever it "determines that the interests of justice so require . . . ." 18 U.S.C. § 3006A(a)(2)(B). The petitioner has not alleged the existence of any circumstances which would, in the interests of justice, require appointment of counsel; as such, the petitioner's request [9] for appointment of counsel will be denied. However, if it later appears that the interests of justice favor appointing counsel, the court will do so *sua sponte*.

### Conclusion

For the reasons set forth above, the petitioner's motions for discovery [7], evidentiary hearing [8], and appointment of counsel [9] are **DENIED**.

**SO ORDERED**, this, the 16th day of November, 2023.

/s/   Roy Percy
UNITED STATES MAGISTRATE JUDGE