IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**DAVID SANDERS**                                                                          **PETITIONER**

v.                                                                                    **No. 1:23CV105-GHD-RP**

**LYNN FITCH, ET AL.**                                                                    **RESPONDENTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of David Sanders for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has moved to dismiss the petition for failure to exhaust state remedies. The petitioner has responded to the motion, and the matter is ripe for resolution. For the reasons set forth below, the State's motion will be granted, and the instant petition for a writ of *habeas corpus* will be dismissed without prejudice for failure to exhaust state remedies.

### Facts and Procedural Posture[1]

**Sentencing and Incarceration**

On January 13, 2013, Sanders pled guilty to a Monroe County grand larceny charge in Cause No. 13-003 and an Itawamba County possession-of-contraband-in-a-correctional-facility charge in Cause No. 13-001.[2] **Exhibit A** (Sentencing Transcript); **Exhibit B** (Monroe County Circuit Sentencing Order); **Exhibit C** (Itawamba County Circuit Sentencing Order).[3] The circuit court sentenced Sanders to ten years on the grand larceny charge, with credit for time served and the remainder of the sentence suspended. **Exhibit B**. The circuit court sentenced Sanders to fifteen years

---

[1] The court has drawn the facts and procedural posture from the State's response to the instant petition for a writ of *habeas corpus*, as they are both well-documented and uncontested.

[2] The exhibits referenced in this memorandum opinion may be found attached to the State's response to the instant petition for a writ of *habeas corpus*.

[3] The sentencing transcript in both causes of action shows that both guilty pleas were taken by Judge Roberts in a single proceeding in Itawamba County Circuit Court. Exhibit A.

on the contraband-possession charge, with credit for time served – and the remainder of the sentence suspended. **Exhibit C**.

On November 19, 2023, the State of Mississippi filed a petition in Sanders' Itawamba County cause of action to revoke his post-release supervision based in part on a November 6, 2023, arrest by Okolona Police Department for burglary of a dwelling and grand larceny. **Exhibit D** (Itawamba County Revocation Petition). The State then filed a petition to revoke Sanders' post-release supervision based on the November 6th arrest in his Monroe County cause of action. **Exhibit E** (Monroe County Revocation Petition). On December 18, 2023, the circuit courts in both the Monroe County and Itawamba County causes of action, revoked Sanders' post-release supervision for failure to "live at liberty by violating no laws in the State of MS" and for failure to pay court costs, fines, restitution, and supervision fees. **Exhibit F** (Itawamba County Revocation Order); **Exhibit G** (Monroe County Revocation Order).

Sanders then pled guilty and was sentenced to ten years, with three years suspended, on one count of burglary and one count of grand larceny in Chickasaw County Circuit Court—to run concurrently with each other and with the sentence in *State of Mississippi v. David Sanders*, Cause No. OK2014-023. **Exhibit H** (Cause OK 2014-026 Sentencing Order). Sanders also pled guilty and was sentenced to ten years – with three years suspended – on one count of grand larceny in *State of Mississippi v. Davis Sanders*, Cause No. OK2014-023. **Exhibit I** (Cause 2014-023 Sentencing Order).[4]

**May 2022 Parole Board Proceedings**

Sanders now challenges the Parole Board's May 26, 2022, revocation hearing. **Exhibit**

---

[4] Both sentences were later commuted to six months to serve. *See* **Exhibit J** (Cause Nos. 2014-023, 2014-026 Re-Sentencing Order).

**K** (Revocation Report). As a result of those proceedings, the Board revoked Sanders' parole for failure to report and for new domestic violence and trespassing charges. **Exhibit L** (Parole Hearing Action Sheet). The Board considered statements from Brandi Williams, the complainant in the trespassing cause of action, and her husband, who told law enforcement that Sanders had come to their residence and threatened Ms. Williams with a knife. *See* SCR, Parole Board Documentation. In addition, MDOC provided the Parole Board with police reports detailing the circumstances surrounding the domestic violence incident with Amber Leigh Coleman. *See* SCR, Parole Board Documentation. This was Sanders' third revocation since having been released on parole on November 18, 2018. **Exhibit M** (Parole Certificate); **Exhibit N** (Prior Revocation Reports). The Parole Board then set off Sanders' next parole hearing for two years after that revocation. **Exhibit L.**

Since that time, on May 15, 2023, the Parole Board again considered and denied Sanders' parole. **Exhibit O** (Action Sheet). The Parole Board cited a litany of factors that it considered in denying Sanders relief, including the number of offenses committed, Sanders' police record, prior felonies, unsatisfactory parole (with violations), his history of drug or alcohol abuse, institutional disciplinary reports, and an unwillingness to be "a law-abiding citizen." **Exhibit O.** Sanders again became eligible for a parole hearing in May 2024.[5] **Exhibit O.**

**State Post-Conviction Proceedings**

**Itawamba County Circuit Court**

On December 13, 2022, Sanders signed and submitted a motion for post-conviction relief (PCR) to the Itawamba Circuit Court, which was filed on January 9, 2023. **Exhibit P** (PCR

---

[5] According to the MDOC's official website, Sanders is currently in the custody of the Mississippi Department of Corrections.

- 3 -

motion). In the motion, Sanders complained that his parole was "falsely violated by Amber Leigh Coleman for a [false] affidavit of domestic violence in Warren County." *Id.* On March 27, 2023, the circuit court denied Sanders' PCR motion, holding that although his domestic violence and trespassing charges were dismissed, Sanders' Parole Revocation Hearing Action Sheet showed he had failed to report to MDOC since August 12, 2021. **Exhibit Q** (PCR Order). The circuit court further determined that Sanders' "parole was lawfully revoked." *Id.* Sanders did not file a Notice of Appeal. **Exhibit R** (Circuit Court PCR Docket).

### Mississippi Supreme Court[6]

Before decision of the circuit court, on March 10, 2023, Sanders filed a post-conviction relief petition in the Mississippi Supreme Court, once more challenging is May 2022 revocation. **Exhibit S** (MS Sct PCR motion); SCR 2023-M-00279 at 4-6. In that petition, Sanders again alleged that "he broke no law for his parole to be violated" and that he was revoked on a "false affidavit." SCR, 2023-M-00279 at 4. Sanders also claimed that he could prove that he was reporting to MDOC as instructed and that he had registered his address with MDOC. *Id.* In support, he attached two documents entitled Abstract of Court Record from the Warren County Justice Court indicating that the charges filed by the complainants Amber Coleman and Brandi Williams had been dismissed on May 25, 2022. SCR, 2023-M-00279 at 5-6. The Mississippi Supreme Court dismissed the PCR for lack of jurisdiction on March 22, 2023, holding that the trial court had jurisdiction over the PCR motion. **Exhibit T** (Miss. Sct PCR Order); SCR 2023-M-00279 at 1-2.

### MDOC Administrative Remedy Program (ARP)

---

[6] Sanders alleges in the instant petition that he exhausted his state remedies by filing a PCR petition in the Mississippi Supreme Court in Cause No. 2018-M-672; however, that PCR petition was filed *before* his May 2022 parole revocation and, instead, challenges his charge of possession of contraband in a correctional facility – not the revocation at issue in the present case.

Sanders submitted an MDOC grievance through the ARP on January 1, 2023, challenging his parole revocation and requesting that MDOC officials reinstate his parole. **Exhibit U** (ARP documentation). In response, an ARP investigator informed Sanders that the grievance was rejected because parole issues were beyond the authority of the ARP. *Id.*

### *Habeas Corpus* Proceedings[7]

#### October 2022 Petition

Sanders signed and filed a federal petition for a writ of *habeas corpus* on September 19, 2022, and an amended petition on October 24, 2022, in the United States District Court for the Southern District of Mississippi, challenging the May 2022, parole revocation. *See Sanders v. Miss. Parole Board Members*, Cause No. 3:22CV534-DPJ-BWR, Doc. 1. In support, Sanders alleged that the Parole Board had promised that "if [he] beat the [new domestic violence] charge" then his parole would be reinstated. *Sanders*, No. 3:22-cv-00534-DPJ-BWR, Doc. 5 at 2. Sanders also alleged that the domestic violence charge was "dismissed [ ] due to no evidence" and that the only support for the charge was a "false affidavit" submitted by Amber Leigh Coleman. *Sanders*, No. 3:22-cv-00534-DPJ-BWR, Doc. 5 at 2. The Southern District dismissed Sanders' *habeas corpus* action without prejudice for failure to exhaust state court remedies. *Sanders*, No. 3:22-cv-00534-DPJ-BWR, Doc. 20.

#### Fifth Circuit Court of Appeals

Sanders then petitioned the Fifth Circuit for a Writ of Mandamus, requesting that the

---

[7] In addition to Sanders' previous federal *habeas corpus* petition, he filed a §1983 lawsuit arising out of his May 2022 parole revocation that was dismissed, in part, with prejudice for Sanders' failure to state a claim. *See David Lee Sanders v. Amber Leigh Coleman, et al.*, Cause No. 3:22-cv-571-KHJ-MTP, Doc. 24 (S.D. Miss. April 27, 2023). The district court dismissed the *habeas corpus* claims presented in that lawsuit without prejudice for failure to exhaust his state remedies. *See Sanders*, No. 3:22-cv-571-KH-MTP, Doc. 24 at 4.

appellate court direct the respective district court judges in his pending 28 U.S.C. § 2254 and 42 U.S.C. § 1983 "to make a decision." *See In re David Lee Sanders*, No. 22-6640, (5th Cir. March 9, 2023); *see also Sanders v. Superintendent George King*, No. 3:22-cv-534 (S.D. Miss.); *Sanders v. Coleman*, No. 3:22-cv-571 (S.D. Miss.). The Fifth Circuit denied his request and determined that, to the extent that he requested *habeas corpus* relief from the court, the Fifth Circuit was without jurisdiction to grant it. *In re Sanders*, Cause No. 22-6640 (5th Cir. March 9, 2023).

**2023 *Habeas Corpus* Petition**

David Sanders signed and submitted his current petition for a writ of *habeas corpus* for mailing on May 17, 2023. Doc. 1. In it, he maintains that he "exhausted all claim in State Court prior to requesting federal collateral relief." Doc. 1 at 1. Sanders alleges that his petition reasserts claims that he has raised in other proceedings in both federal and state court. Doc. 1 at 1.

In his motion to amend, he alleges that his "parole was violated for a false affidavit of domestic violence and trespassing." Doc. 5. Sanders states that his wife filed a false affidavit in retaliation because he "caught" her "having an affair." Doc. 5 at 1. Sanders also alleges that he can produce witnesses who can testify regarding the falsity of the affidavit in question. Doc. 5 at 4. He alleges the parole board found him in violation of his parole because of these new charges. Doc. 5 at 1. He also states that the board told him that if his charges were dismissed, his parole would be reinstated. Doc. 5 at 1. Sanders alleges that the charges were ultimately dismissed at trial due to a lack of evidence – and attaches two Warren County Justice Court orders of dismissal to his motion. Doc. 5 at 2; *see also* Doc. 5-1. Sanders further alleges that the failure to report and failure to maintain residence violations were never brought up at his revocation

hearing. Doc. 5 at 2. Thus, according to Sanders, he was not able to provide evidence that he was reporting to an MDOC field officer and that he was maintaining a residence in Vicksburg, Mississippi. Doc. 5 at 3.

The court directed Sanders to resubmit his claims on a 28 U.S.C. § 2254 petition form, Doc. 14, and he signed and submitted his § 2254 form on August 4, 2023. Doc. 15. In his amended petition, Sanders complains that his parole was wrongfully revoked by the parole board, and that he can show his Warren County charges were dismissed, and that he maintained a residence and reported to MDOC. Doc. 15 at 4. Sanders requests that the court issue an order to reinstate his parole and release him from custody. Doc. 15 at 6. In a later pleading, Sanders alleges that he has previously raised his claims through MDOC's Administrative Remedy Program (ARP), in a motion for post-conviction relief, a state PCR motion to the Mississippi Supreme Court, a § 1983 suit, a federal *habeas corpus* petition, and in a petition for a writ of mandamus to the Fifth Circuit. Doc. 20 at 2.

Sanders then filed another motion to amend seeking to raise claims for injunctive relief and a temporary restraining order. Doc. 29. He maintains that the court's order denying him injunctive relief is contrary to prior rulings of the Southern District of Mississippi. Doc. 29 at 2. Sanders alleges that he has established a federal constitutional issue arising out of his allegations that his parole was revoked based on allegedly false charging affidavits. Doc. 29 at 2.

As discussed below, though Sanders has brought multiple challenges to the present revocation in a scattershot manner to various courts and the MDOC Administrative Remedy Program, he has *not* presented his claims to the Mississippi Supreme Court in a procedurally proper manner. Thus, as discussed below, the instant petition must be dismissed without prejudice for failure to exhaust state remedies.

## Exhaustion

Under 28 U.S.C. § 2254(b)(1), a prisoner seeking *habeas corpus* relief must first exhaust state remedies. Section 2254 provides, in relevant part:

> (b)(1) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>
> > (A) the applicant has exhausted the state remedies available in the courts of the State; or
> >
> > (B) (i) there is an absence of available State corrective process; or
> >
> > (ii) circumstances exist that render such process ineffective to protect the rights of the appellant
>
> . . .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254.

"A fundamental prerequisite to federal *habeas* relief under 28 U.S.C. § 2254 is the exhaustion of all claims in state court under § 2254(b)(1) prior to requesting federal collateral relief." *Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir. 1995) (citing *Rose v. Lundy*, 455 U.S. 509 (1982)). A finding of exhaustion requires the petitioner to have "fairly presented the substance of his claims to the state courts." *Sones v. Hargett*, 61 F.3d 410, 414-15 (5th Cir. 1995) (citing *Vela v. Estelle*, 708 F.2d 954, 958 (5th Cir. 1983)). Further, exhaustion "requires that normally a state prisoner's entire federal habeas petition must be dismissed unless the prisoner's state remedies have been exhausted as to all claims raised in the federal petition." *Graham v. Johnson*, 94 F.3d 958, 968 (5th Cir. 1996) (citing *Rose*, 455 U.S. at 518-19). The exhaustion doctrine serves the salutary purpose of "giving the state courts the first opportunity to review the federal constitutional issues and to correct any errors made by the trial courts, [and thus] 'serves to minimize friction between our federal and state systems of justice.'"

*Satterwhite v. Lynaugh*, 886 F.2d 90, 92 (5th Cir. 1989) (quoting *Rose*, at 518) (citations omitted).

Though Sanders has raised his present claims (and similar ones) in several venues, he has *not* presented those claims to the Mississippi Supreme Court in a procedurally proper manner. He claims to have exhausted his state court remedies concerning his May 2022 revocation because he:

> (1) petitioned for and was denied PCR relief in Itawamba Circuit Court in *Sanders v. State of Mississippi*, Cause No. 23-cv-008 (MM);
>
> (2) submitted PCR petitions to the Mississippi Supreme Court in *Sanders v. State of Mississippi*, Cause Nos. 2018-M-672 and 2023-M-279;
>
> (3) submitted a request for release to MDOC officials through the Administrative Remedy Program;
>
> (4) filed a federal civil rights suit in district court in *David Lee Sanders v. Amber Leigh Coleman*, et al., Cause No. 3:22-cv-571-KHJ-MTP, Doc. 24 (S.D. Miss. April 27, 2023); and
>
> (5) petitioned the Fifth Circuit for a writ of mandamus in *In re David Lee Sanders*, No. 22-60640.

Doc. 1.

Sanders petitioned the Itawamba County Circuit Court for PCR on the parole revocation issue and was denied relief. **Exhibit Q**. However, to exhaust state remedies as to that claim, Sanders must first properly present his claims to the State's highest court. *Dretke*, 359 F.3d 708 at 724. He did not, however, appeal the circuit court's order denying his PCR motion to the Mississippi Supreme Court, as required. *See id.* Indeed, Sanders' only PCR petition in the Mississippi Supreme Court challenging his parole revocation was filed *before* the circuit court's denial of post-conviction relief and was thus dismissed for lack of jurisdiction. **Exhibit T**. As such, the petition was not fairly presented to the Mississippi Supreme Court for decision. *Mercadel*, 179 F.3d at 275.

In addition, Sanders' ARP request for parole reinstatement was beyond the authority of MDOC officials to grant; thus, for the purposes of AEDPA, is not an available state remedy. **Exhibit U**. The Fifth Circuit, in response to Sanders' petition to writ of mandamus, determined that it was

without jurisdiction to grant Sanders' requested *habeas corpus* relief – and denied Sanders a mandamus writ. *In re Sanders*, No. 22-6640. Finally, Sanders' presentation of his revocation claims in a federal § 1983 suit simply does not constitute fairly presenting them to the state's highest court.

### Petitioner's Motions to Amend Will Be Denied as Futile

In his motions to amend the instant petition, Sanders seeks injunctive relief and a temporary restraining order – and that his allegations of false charging affidavits constitute a valid federal constitutional issue. Docs. 29, 32. While a court should generally permit leave to amend a petition, "[d]enying a motion to amend is not an abuse of discretion if allowing an amendment would be futile." *See Landis v. Martin*, 2020 WL 5270021, at *3 (S.D. Miss. Sept. 4, 2020) (citing *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014)). A motion to amend is futile "where the proposed amendment…could not survive a motion to dismiss." *Hamilton v. McLemore*, 2019 WL 13031989, at *1 (S.D. Miss. July 11, 2019) (*citing Rio Grande Royalty Co., Inc. v. Energy Transfer Partners, L.P.*, 620 F.3d 465, 468 (5th Cir. 2010)).

The court will dismiss Sanders' motion to amend his claims as futile. The court previously denied his request for injunctive relief or a temporary restraining order because he could not show a substantial likelihood that he would prevail on the merits. Further, as set forth above, the instant petition will be dismissed because Sanders did not exhaust his state court remedies, and his petition is thus subject to dismissal on procedural grounds. As such, Sanders' amended claims, if allowed, would likewise be subject to dismissal.

### Conclusion

In sum, the petitioner has not exhausted state remedies as to his claim that his parole was improperly revoked, as he has not properly presented this claim to the Mississippi Supreme Court. As

such, the State's motion to dismiss will be granted, and the instant petition for a writ of *habeas corpus* will be dismissed without prejudice for failure to exhaust state remedies. In addition, his motions [29], [32] to amend his petition will be dismissed as futile. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 5th day of September, 2024.

_____
SENIOR JUDGE